**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRUCE ROBERT STIER,

                      Petitioner,

        v.                          CASE NO. 17-3042-SAC

SHERIFF GARETH HOFFMAN,

                      Respondent.

<u>**MEMORANDUM AND ORDER**</u>

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a pretrial detainee held at the Dickinson County Jail, Abilene, Kansas. Petitioner proceeds pro se and submitted the filing fee.

Petitioner claims he has been improperly denied pretrial release, that "no contact" orders entered by the magistrate judge are unreasonable, that he is unable to receive adequate medical care while detained, that his detention impairs his ability to assist in his defense, and that he is not a flight risk. He asserts that the pending criminal case is based upon conspiracy and fabrication, and he asks that his criminal case be assigned to a different state district judge and that a change of venue be granted.

The federal district courts are authorized to grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241 (c)(3). A pretrial detainee may seek relief under Section 2241. *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 924 (10th Cir. 2008).

The Court has examined the present petition and concludes it is premature. First, a petitioner normally must exhaust available state court remedies before seeking federal habeas corpus relief. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). It does not appear that petitioner has presented his claims to both the state district and appellate courts.

Second, the U.S. Supreme Court has held that the federal courts generally should not interfere in a state criminal prosecution filed before the federal action is commenced. A federal court should abstain where the state criminal proceeding: (1) is ongoing; (2) provides an adequate forum for the petitioner to present his claims; and (3) implicates important state interests. *Younger v. Harris*, 401 U.S. 37, 43 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)(citing *Younger*, 401 U.S. at 44-45).

The conditions supporting abstention are met here. The criminal case against petitioner is proceeding in state district court, and the Kansas courts provide him with available remedies to present his claims. Finally, the prosecution of a person accused of violating the state criminal laws presents an important state interest. *See Hicks v. Miranda*, 422 U.S. 322, 349 (1975)(discussing the *Younger* abstention doctrine and stating that the doctrine allows state courts to try cases without interference from a federal court).

To avoid the application of the *Younger* doctrine, petitioner must demonstrate "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps

in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Younger*, 401 U.S. at 54 (recognizing an exception to the abstention doctrine if the petitioner shows "bad faith, harassment, or any other unusual circumstance that would call for equitable relief.")

While petitioner broadly claims that the case against him is the product of a conspiracy and is not supported by sufficient evidence, the materials he submits do not show any factual basis for these claims. The Court finds no basis to conclude that petitioner will be subjected to an irreparable injury if the state criminal action proceeds and concludes this matter must be dismissed without prejudice.

Finally, a state prisoner may not appeal the denial of habeas corpus without a certificate of appealability ("COA"). A COA may be issued if the petitioner shows that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quotations omitted). The Court finds no ground in this pretrial action that warrants a COA.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED a certificate of appealability is denied.

**IT IS SO ORDERED.**

DATED:  This 21st day of March, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge